Wardlaw, J.
dissenting. It is, I think, now the law, that an exception of one acre, in the grant of a tract, is not void for uncertainty ; but may be available by election ; and that the right of election is in the grantor, as the person required to do the first act.
It may be, then, that by a sufficient exercise of his right of election, the plaintiff here had fixed the boundaries of the excepted acre, so as to embrace the walnut tree. But I cannot agree that the description contained in the exception can be so explained by reference to the acts of the parties, as to mean the parcel which had been marked out by Phillips.
In construing a deed or other writing, we may look to the acts of the parties, and to all surrounding circumstances, to ascertain the meaning of the words that were used, but not to establish an intention which has not been expressed. If *213 the words written have a sensible meaning and some legal effect according to their natural signification, they cannot, byk extrinsic circumstances, be explained to have some other meaning or some different effect.
The description in this exception is not like that contained in a deed which refers to a plat. There the plat is part of the description, and taken together with other parts of the description, comprehends whatever was actually surveyed by the surveyor who made the plat. Often in ascertaining what was surveyed, great departures from the delineation and description are allowed, but all of these departures are justified by adhering to a certainty found in part of a description, in neglect of other parts which are rejected'as useless, and fall at last under the maxim, falsa demonstratio non nocet.
If the exception had been of my family graveyard, then it might have been shown what the family graveyard was, and a ditch around it, stakes marking it out, or other evidence which applied the description to the subject described, might have shown the meaning of the words that were used. On the other hand, “ one square acre, containing my family graveyard,” shows that the family graveyard is less than an acre, and that the acre must be laid off so as to contain it.—
But whether the graveyard or any particular point therein, shall be in the centre of the square, or on this or that side of it, and in what direction any line of the square shalLrun, are left uncertain. Infinite variety is admissible, subject only to this mathematical certainty, that the acre shall be square.—
This certainty no act of the parties or other evidence can explain away ; any more by making the square an oblong or a trapezium, than by making it a triangle.
What was said by Mixon, as it cannot serve to alter the description in the particular wherein it is exact, can, as a mere indication of intention, be of no avail. If it could be, then an exception by parol, confirmed by the assent of the grantee, would countervail the general words of a grant in writing.